PETER C. ANDERSON
UNITED STATES TRUSTEE
JILL M. STURTEVANT, State Bar No. 089395
ASSISTANT UNITED STATES TRUSTEE
KELLY L. MORRISON, State Bar No. 216155
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Blvd., Suite 1850
Los Angeles, California 90017-5418
(213) 894-2656 telephone
(213) 894-2603 facsimile
Email: Kelly.L.Morrison@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**NIKOLAY MACHEVSKY,**<br><br>Debtor. | Case No.: 2:14-bk-29611 RK<br><br>Chapter 7<br><br>UNITED STATES TRUSTEE'S RESPONSE TO (1) CREDITOR DATA LEVERAGE'S MOTION TO RECONSIDER; (2) THE OPPOSITIONS TO THE MOTION TO RECONSIDER FILED BY INTERESTED PARTY BEHZAD DANIEL BINAFARD AND CHAPTER 7 TRUSTEE WESLEY H. AVERY; AND (3) DECLARATION OF DANIEL SMENT; AND EX PARTE MOTION TO CONTINUE HEARING ON MOTION UNDER F.R.C.P. Rule 60(b)(1), (3) and (6) TO SET ASIDE ONE PORTION OF ENTERED ORDER (1) APPROVING COMPROMISE; (2) AUTHORIZING TRUSTEE TO TRANSFER REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS; (3) REQUIRING DEBTOR TO TURN OVER REAL PROPERTY OF THE ESTATE, AND (4) AUTHORIZING TRUSTEE TO UTILIZE U.S. MARSHAL AND OTHER LAW ENFORCEMENT (Cal. No. 7.2); DECLARATION OF RON MAROKO IN SUPPORT THEREOF<br><br>[Local Bankruptcy Rule 9013-1(m)]<br><br><u>Hearing</u><br>Date:    October 28, 2020<br>Time:    1:00 p.m. PST<br>Place:    Courtroom 1675 |

- 1 -

**TO THE HONORABLE ROBERT N. KWAN, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, THE CHAPTER 7 TRUSTEE AND HIS COUNSEL, AND OTHER PARTIES IN INTEREST**:

The United States Trustee hereby responds to (1) CREDITOR DATA LEVERAGE'S MOTION TO RECONSIDER; (2) THE OPPOSITIONS TO THE MOTION TO RECONSIDER FILED BY INTERESTED PARTY BEHZAD DANIEL BINAFARD AND CHAPTER 7 TRUSTEE WESLEY H. AVERY; (3) REPLY OF DATA LEVERAGE; AND (4) DECLARATION OF DANIEL SMENT and moves for an order granting a brief, seven day (7) day continuance of the hearing on the Motion under F.R.C.P. Rule Rule 60(b)(1), (3) and (6) TO SET ASIDE ONE PORTION OF ENTERED ORDER (1) APPROVING COMPROMISE; (2) AUTHORIZING TRUSTEE TO TRANSFER REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS; (3) REQUIRING DEBTOR TO TURN OVER REAL PROPERTY OF THE ESTATE, AND (4) AUTHORIZING TRUSTEE TO UTILIZE U.S. MARSHAL AND OTHER LAW ENFORCEMENT (the "Motion") (Cal. No. 7.2). The United States Trustee requests the continuance because he needs additional time to conduct informal discovery concerning the allegations made, in particular by Data Leverage, concerning among other things, the original proof of service that was attached to the sale motion. The United States Trustee requests that the Court, in addition to continuing the hearing on the Motion, set a further briefing schedule for argument. Finally, the United States Trustee requests that the Court stay the completion of the sale pending further orders of this Court.

**I.    STATEMENT OF FACTS**

1.    On September 16, 2020, this Court entered an order (1) Approving Compromise; (2) Authorizing Trustee to Transfer Real Property Free and Clear of Liens And Interests; (3) Requiring Debtor to Turn Over Real Property of the Estate; and (4) Authorizing Trustee to Utilize U.S. Marshal and Other Law Enforcement. (Doc. 54). Such Order provided that debtor Nickolay Machevsky's ("Machevsky") residence be sold to Behzad Daniel Binafard

///

("Binafard"). According to the Order, escrow requires Debtor to turn over and vacate the Real Property to Trustee prior to close of the Sale,

2. On October 18, 2020, Creditor Data Leverage, LLC ("Data Leverage") filed its Motion under F.R.C.P. Rule 60(b)(1), (3) and (6) to Set Aside One Portion of Entered Order (1) Approving Compromise; (2) Authorizing Trustee to Transfer Real Property Free and Clear of Liens and Interests; (3) Requiring Debtor to Turn over Real Property of the Estate; and (4) Authorizing Trustee to Utilize U.S. Marshal and Other Law Enforcement. (Doc. No 73).

3. That same date, Data Leverage filed an application for order shortening time. (Doc. No. 74).

4 The application was granted and the hearing on Data Leverage's Motion was set for October 28, 2020.

5. Thereafter, both the chapter 7 trustee, Wesley H. Avery ("Avery") and interested party Binafard filed oppositions to Data Leverage's Motion (collectively, "Oppositions"). (Doc. Nos. 81 and 82).

6. On October 27, 2020, Data Leverage filed its Reply to the Oppositions. (Doc. No. 83).

7. Additionally, on October 27, 2020, attorney Michael Sment filed a supplemental declaration in support of Data Leverage's Motion. (Doc. No. 84).

8. The United States Trustee, having read Data Leverage's Motion, the Oppositions, the Reply and the supplemental declaration of Sment, has determined that it is appropriate to request a brief continuance of the hearing on Data Leverage's Motion to conduct informal discovery into the statements made by Data Leverage. Such discovery has begun, but the United States Trustee needs additional time to research and analyze the issues, among them, being the issues with the original proof of service, as well as the overbidding issues raised by Data

/ / /

/ / /

/ / /

/ / /

- 3 -

Leverage, including the relevant case law[1] and applicable rules, (FRCP 6004-1(c)(1)(B)) that mandates overbidding in these circumstances.

8. The United States Trustee has reached out to counsel for Data Leverage, Avery and Binafard regarding a continuance. As set forth in the attached Declaration of Ron Maroko, Steven Fox, movant and counsel for Data Leverage, did not oppose the request for continuance, with the understanding that escrow would not close during the continuance period. Joseph Caceres, counsel for Binafard needed to consult with his client prior to stating his position. Nancy Zamora, counsel for Avery, was contacted by Assistant United States Trustee Kenneth Miskin, and communicated to him that they had no objection to the continuance request.

## II.    ARGUMENT

Local Bankruptcy Rule 9013-1(m) states in relevant part:
> An ex parte motion for the continuance of a hearing must be filed with the court and served upon all previously noticed parties by facsimile, email, personal service or overnight mail at least 3 days before the date set for the hearing.
> (A) The motion must set forth in detail the reasons for the continuance, state whether any prior continuance has been granted, and be supported by the declaration of a competent witness attesting to the necessity for the continuance.

LBR 9013-1(m)(1)(A).

Here, the United States Trustee submits that good cause exists for a brief, seven (7) day continuance of the hearing on the Motion. As shown above, the Mickey Thompson case cited hereinabove holds (among other things) that compromises that involve sales are subject to overbid. Further, Rule 6004-1(c)(1)(B) appears to mandate overbidding under these circumstances. Finally, Data Leverage makes some arguments that need to be fully considered including that the original proof of service does not include Data Leverage and that any sale on overbid to Data Leverage would be taken subject to the state court specific performance lawsuit and they would have to defend it, not the trustee.

---

[1] See Goodwin v. Mickey Thompson Entm't Group, Inc. (In re Mickey Thompson Entm't Group, Inc.), 292 B.R. 415 (9th Cir. 2003) (holding that compromises that involve sales are subject to overbid).

All of these issues require clarification that can come from a very brief continuance that will allow the United States Trustee to continue his informal discovery and research into the issues.

This is the first time a request for continuance has been made for this hearing. Moreover, the United States Trustee submits that no prejudice will be caused to any party because of the short delay.

**III.  CONCLUSION**

Based on the foregoing, the United States Trustee requests that the Court continue the hearing on the Motion for seven (7) days, to November 4, 2020, or as soon thereafter as is convenient for the Court.

DATE: October 27, 2020         PETER C. ANDERSON
                               UNITED STATES TRUSTEE

                               By:____*/s/ Kelly L. Morrison*_____
                                       Kelly L. Morrison
                                       Attorney for the United States Trustee

**DECLARATION OF RON MAROKO**

I, RON MAROKO, hereby declare as follows:

1. I am over the age of eighteen years, and if called upon to testify I could and would do so competently. I am employed as a Trial Attorney by the Office of the United States Trustee for the Central District of California ("UST") and am assigned to *In re Machevsky*, case no. 2:14-bk-29611-RK. I have personal knowledge of the facts set forth herein, and based on that personal knowledge, I assert that all facts are true and correct to the best of my knowledge.

2. Given the circumstances, it is appropriate to provide additional time for the United States Trustee to continue the informal discovery he began today after reviewing the pleadings filed.

3. On October 27, 2020, I spoke with Steven Fox, movant and counsel for Data Leverage. He told me that he did not oppose the request for continuance, with the understanding that escrow would not close during the continuance period.

4. On October 27, 2020, I spoke with Joseph Caceres, counsel for Binafard, the purchaser of Debtor's residence. He informed me that needed to consult with his client prior to stating his position regarding a continuance.

5. Assistant United States Trustee Kenneth Miskin assisted me by contacting Nancy Zamora, counsel for trustee Wesley H. Avery, by email and telephone. Ms. Zamora informed Mr. Miskin that they had no objection to the continuance request.

I declare under penalty of perjury that the foregoing facts are true and correct.

Executed on October 27, 2020, in Los Angeles County, California.

\_\_\_\_/s/ Ron Maroko_____
RON MAROKO