FILED & ENTERED

JAN 08 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>NIKOLAY MACHEVSKY,<br><br>                              Debtor. | Case No. 2:14-bk-29611-RK<br><br>Chapter 7<br><br>**MEMORANDUM DECISION RE: CHAPTER 7 TRUSTEE'S EX PARTE MOTION FOR ORDER: (1) REQUIRING DEBTOR AND ANY THIRD PARTIES TO IMMEDIATELY TURN OVER THE REAL PROPERTY LOCATED AT 10701 WILSHIRE BOULEVARD, UNIT 1802 AND 1803, LOS ANGELES, CALIFORNIA  90024; (2) ISSUING WRIT OF EXECUTION; AND (3) DIRECTING THE UNITED STATES MARSHAL TO REMOVE DEBTOR AND ANY THIRD PARTIES FROM THE REAL PROPERTY, AND DEBTOR'S OPPOSITION THERETO** |

On December 31, 2020, Wesley H. Avery, the duly appointed Chapter 7 Trustee in this bankruptcy case ("Trustee"), filed an Ex Parte Motion for Order: (1) Requiring Debtor and Any Third Parties to Immediately Turn Over the Real Property Located at 10701 Wilshire Boulevard, Unit 1802 and 1803, Los Angeles, California 90024; (2)

-1-

Issuing Writ of Execution; and (3) Directing the United States Marshal to Remove the Debtor and any Third Parties from the Real Property ("Ex Parte Motion").  Docket No. 159.  Within the prayer for relief, Trustee seeks a ruling that the Center for Disease Control and Prevention ("CDC") federal eviction moratorium (the "CDC Order") and California Assembly Bill 3088, The Tenant, Homeowner, and Small Landlord and Stabilization Act of 2020; The COVID-19 Small Landlord and Homeowner Relief Act of 2020 ("California AB 3088") (approved by the Governor of California and filed by the Secretary of State on August 31, 2020) are inapplicable in this case.  Based on the court's review of the CDC Order and California AB 3088, and the facts presented in this case, the court specifically addresses this request for relief and determines these eviction moratoriums are inapplicable and do not prevent Trustee from obtaining possession and turnover of the subject real property in this bankruptcy case.

Debtor Nikolay Machevsky ("Debtor") currently resides in the subject real property which consists of two condominium units located at 10701 Wilshire Boulevard, Units 1802 and 1803, Los Angeles, California 90024 (the "Real Property").  On September 16, 2020, the court entered an Order (1) Approving Compromise; (2) Authorizing Trustee to Transfer Real Property Free and Clear of Liens and Interests; (3) Requiring Debtor to Turn Over Real Property of the Estate; and (4) Authorizing Trustee to Utilize U.S. Marshal and Other Law Enforcement (the "Compromise/Transfer Order"). Docket No. 54.  Debtor filed a motion for reconsideration of the Compromise/Transfer order which the court denied.  *See* Docket No. 71.  Pursuant to the Compromise/Transfer Order, the court required Debtor and any other occupants to "(1) vacate and turn over the Real Property to Trustee, including all keys, garage openers, security or computer codes, combinations to locks, and any other implement or code necessary to access or secure the Real Property, and (2) remove all exempt personal property that belongs to Debtor and/or Other Occupant without causing material damage to or leaving excess debris at the Real Property."  Compromise/Transfer Order, Docket No. 54, page 8, paragraph K.  If any party failed to comply with the

Compromise/Transfer Order, the order provided that the trustee could file an ex parte motion to seek writ of possession from this court. *Id*. at paragraph L. Trustee filed the Ex Parte Motion requesting a writ of possession of the real property.

Debtor filed a written opposition to the Ex Parte Motion ("Opposition"). Docket No. 163. In the Opposition, Debtor made three arguments: (1) The order directing Debtor and third parties to turnover keys, garage openers, security or computer codes, combinations to locks, and any other implement or code necessary to access or secure the Real Property is superfluous and unnecessary; (2) The writs process is governed by Federal Rule of Civil Procedure 69(a)(1) and therefore, the laws of this state regarding issuance of writs of possession must be followed; and (3) holding the CDC Order and California AB 3088 inapplicable is not necessary because the United States Marshal's Service can interpret the CDC Order.

The court overrules Debtor's opposition. First, the court does not find that the language of the motion and proposed order for him to turn over the keys, security or computer codes, combinations to locks, and any other implement or code necessary to access or secure the Real Property is superfluous since Debtor failed to turn over these items as the trustee contends, which is not disputed by Debtor. Second, Trustee seeks a writ of execution for possession of the real property based on the compromise/transfer order, which is not a money judgment. Federal Rule of Civil Procedure 69(a)(1) only applies to the enforcement of money judgments. *See In re Kerlo*, 311 B.R. 256, 261 (Bankr, C.D. Cal. 2004), citing *Hamilton v. MacDonald*, 503 F.2d 1138, 1148 (9th Cir. 1974). The order at issue here, the Compromise/Transfer Order, is not a money judgment. Federal Rule of Civil Procedure 70, made applicable here by Federal Rule of Bankruptcy Procedure 7070 instead applies to a turnover of possession of real property to the bankruptcy trustee, such as the situation here. *Id*. at 261-262. In its current form, Federal Rule of Civil Procedure 70(a) states: "If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done ---

at the disobedient party's expense --- by another person appointed by the court. When done, the act has the same effect if done by the party." Here, since Debtor did not comply with the court's turnover order, the court can order the appointment of another person to carry out the tasks of turnover of the Property, such as Trustee and his agents and the United States Marshal. Moreover, Federal Rule of Civil Procedure 70(d) provides: "On application by a party who obtains a judgment or order for possession, the clerk must issue a writ of execution or assistance." Thus, the court pursuant to this rule must issue the writ of execution or assistance since Trustee has a final order for turnover or possession of the Property. 11 U.S.C. § 105(a) further provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *See also, In re Kerlo,* 311 B.R. at 262. Under this statute, the court has the authority to issue a writ of execution or possession to carry out the Compromise/Transfer Order. Finally, based on the litigious nature of this case, and Trustee's request for findings regarding applicability of the CDC Order and California AB 3088, the court believes it is necessary to determine whether the CDC Order and California AB 3088 apply in this case for the guidance of the parties.

      Trustee filed a supplemental declaration in support of the Ex Parte Motion ("Supplemental Declaration"). Docket No. 164. Although Debtor did not make any specific arguments in the Opposition regarding an eviction moratorium, the emails from Debtor and his attorney, Benjamin Nachimson, attached as Exhibit F to the Supplemental Declaration, indicate Debtor's belief that an eviction moratorium applies here.

      The purpose of the temporary eviction moratoriums is to prevent people from being removed from their homes, during a pandemic, because they lost their jobs and are unable to pay housing costs due to Covid-19. *See, e.g.,* Section 2 of California AB 3088. The loss of their home could put them or others more at risk of catching and spreading Covid-19. Understandably, the government is trying to provide some housing stability to those people who have lost the ability to pay housing costs, due to no fault of

their own.  For a reason outside of the intended purpose of the moratoriums, Trustee seeks an order that Debtor turn over the Real Property at this time due to the fact that he filed a bankruptcy petition in 2014, failed to disclose the real property in his bankruptcy petition, the case was reopened so the trustee could administer the real property as an asset of the bankruptcy estate, and the court authorized the sale of the real property in the Compromise/Transfer order entered in September 2020.

Debtor has offered no evidence that he is a covered person under the CDC Order for the CDC Order moratorium to apply to him.  In order for the moratorium to apply to him, Debtor must execute a declaration under penalty of perjury.  The declaration sets forth the requirements for an individual to be considered a "covered person."  A covered person must provide a declaration under penalty of perjury indicating: (1) his efforts to obtain available government assistance; (2) (i) his annual income is less than $99,000 (or no more than $198,000, if filing a joint tax return), (ii) he was not required to report any income in 2019 to the U.S. Internal Revenue Service, or (iii) he received an Economic Impact Payment (stimulus check) pursuant to Section 2201 of the CARES Act; (3) his inability to make housing payments due to substantial loss of household income, loss of compensable hours of work or wages, a lay-off, or extraordinary out-of-pocket medical expenses; (4) his best efforts to make housing payments; and (5) his eviction would lead to homelessness or require living in close quarters.  There is evidence in the record of any declaration under penalty of perjury from Debtor indicating that he meets the requirements to be a covered person under the CDC Order.

Even if Debtor eventually provided the court with such a declaration, the requirements and purpose of the CDC Order are not applicable in this bankruptcy case.  According to the language of the CDC order, persons may "be evicted for reasons other than not paying rent or making a housing payment."  CDC Order, Federal Register, Vol. 85, No. 731, September 4, 2020, Notices, pages 55292–55293.  Here, the issue is not whether Debtor will be able to pay rent due to the unfortunate, uncontrollable loss of

income during this pandemic.  Instead, the issue here is whether Debtor is still obligated to cooperate with Trustee to turn over the Real Property to Trustee as required by the Bankruptcy Code and this court's orders.  The answer is yes.

The CDC Order states, "Nothing in this Order precludes evictions based on a tenant, lessee, or resident: . . . violating any other contractual obligation, other than the timely payment of rent or similar housing-related payment (including non-payment or late payment of fees, penalties, or interest)."  *Id*. at 55294.  Although Debtor does not have a contractual obligation with the bankruptcy estate, he has a statutory duty to cooperate with the trustee and turnover the real property.  This is not a situation where Debtor is unable to pay rent or lost his source of income due to Covid-19.  Rather, this is a situation where Debtor does not want to cooperate with the trustee and perform his statutory duties under 11 U.S.C. § 521(a)(3) and turnover property of the estate under 11 U.S.C. § 542(a).  The CDC Order also excludes evictions for foreclosure on a home mortgage.  The situation here is more like a foreclosure than an eviction for failure to pay rent.  In a foreclosure, the lender attempts to recover the amount owed on a defaulted loan.  Here, the trustee is attempting to recover the real property that belongs to the bankruptcy estate which he is administering in this case pursuant to the Bankruptcy Code.

The CDC Order indicates state moratoriums are applicable if they provide "the same or greater level of public-health protection than the requirements listed in this Order."  CDC Order, Federal Register, Vol. 85, No. 731, September 4, 2020, Notices, pages 55292–55259.  The applicable state moratorium in California is Assembly Bill ("AB") 3088 (approved by the Governor of California and filed by the Secretary of State on August 31, 2020).  California AB 3088 provides some protections for renters and borrowers on evictions and foreclosures, which do not apply in this case.  The state moratorium only applies to renters, small landlords, and homeowners who are unable to pay their rent or mortgage due to the Covid-19 pandemic.  Thus, this law does not apply to a debtor who is required to turn over property of the bankruptcy estate under the

1  Bankruptcy Code, even if the property in question is his residence.  In this case, Debtor
2  is not a renter, small business owner or homeowner who is struggling to make rent or
3  mortgage payments due to Covid-19.  Debtor is a homeowner who filed a bankruptcy
4  petition, putting his assets under bankruptcy court supervision, and now must turn over
5  an asset of this bankruptcy estate to the trustee who is administering the estate.

6       Like the CDC Order, California AB 3088 requires a declaration under penalty of
7  perjury.  Section 20 of California AB 3088; *see also,* Judicial Council of California Form
8  UD-104(A).  For the eviction moratorium to apply pursuant to California AB 3088, a
9  tenant must submit a declaration to his or her landlord within 15 days of service of a
10 notice of unlawful detainer for nonpayment of rent and declare any of the following
11 losses due to the pandemic applies:  (1) Loss of income caused by the Covid-19
12 pandemic; (2) Increased out-of-pocket expenses directly related to performing essential
13 work during the Covid-19 pandemic; (3) Increased expenses directly related to health
14 impacts of the Covid-19 pandemic; (4) Childcare responsibilities or responsibilities to
15 care for an elderly, disabled, or sick family member directly related to the Covid-19
16 pandemic that limit his ability to earn income; (5) Increased costs for childcare or
17 attending to an elderly, disabled, or sick family member directly related to the Covid-19
18 pandemic; (6) Other circumstances related to the Covid-19 pandemic that have reduced
19 income or increased expenses.  *Id.*  None of these requirements apply in this case.
20 Debtor is not a tenant who is being evicted for nonpayment of rent to a landlord and
21 who may invoke the protection of eviction moratorium of California AB 3088 due to a
22 financial hardship caused by Covid-19 to avoid a judgment of unlawful detainer; rather,
23 Debtor is to be being required to turn over the Real Property pursuant to an order of the
24 court enforcing the statutory turnover requirements of 11 U.S.C. § 542(a).
25      ///
26      ///
27
28

For the foregoing reasons, the court overrules the Opposition of Debtor to Trustee's Ex Parte Motion and will grant the Ex Parte Motion. A separate final order granting the Ex Parte Motion is being filed and entered concurrently herewith.

IT IS SO ORDERED.

###

Date: January 8, 2021

_____
Robert Kwan
United States Bankruptcy Judge